IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY TUCKER, a/k/a Gregory L. Tucker, a/k/a Greg L. Tucker, and KAREN TUCKER, a/k/a Karen K. Tucker,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: **Civil Action No. 18-1245-CFC**<br>: Superior Court of the State of Delaware<br>: in and for New Castle County<br>: C.A. No. N16L-03-181 EMD<br>:<br>:<br>:<br>:<br>: |

Lisa K. Cartwright, Esquire, Atlantic Law Group, Wilmington, Delaware. Counsel for Plaintiff.

Gregory Tucker, New Castle, Delaware. Pro se Defendant.

**MEMORANDUM OPINION**

November 29, 2018
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Defendant Gregory Tucker filed a notice of removal on August 14, 2018, of *LSF9 Master Participation Trust v. Tucker*, Delaware State Court Case No. N16L-03-181 EMD (Del. Super.). (D.I. 2). Defendant appears *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to screen the case pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court will summarily remand the matter to the Superior Court of the State of Delaware in and for New County.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2016, Plaintiff filed a scire facias sur mortgage complaint in the Superior Court of the State of Delaware in and for New Castle County ("Superior Court") against Defendant and Karen Tucker seeking foreclosure of their interest in real property located in New Castle, Delaware. (D.I. 2 at Ex. 1) On April 19, 2017, the Superior Court granted summary judgment in favor of Plaintiff finding that: (1) Plaintiff is the valid holder of the mortgage; (2) Defendant and Tucker executed the mortgage; (3) they defaulted on their obligation to Plaintiff; and (4) they owed the amount of judgment sought by Plaintiff. (*Id.* at 11)

After obtaining judgment, the property was sold at a sheriff's sale on October 10, 2017 to Plaintiff who was the highest bidder. (*Id.* at Ex. 2) The sale was confirmed on November 24, 2017, the New Castle County Sheriff executed a deed transferring the property on December 21, 2017 and, on July 17, 2018, the Superior Court entered an order granting a writ of possession for Plaintiff to have possession of the property. (*Id.*) The writ of possession issued on August 1, 2018, and on August 10, 2018, a notice of

1

eviction was posted on the property. (*Id.*) Defendant removed the matter to this Court on August 14, 2018. The Court takes judicial notice of the Superior Court docket that eviction was served on August 30, 2018, the door locks were changed and possession was transferred to Plaintiff's agent without incident. *See* Super. Ct. Sept. 5, 2018 docket entry.

Defendant removed this matter pursuant to 28 U.S.C. §§ 1441-1446. He demands his right to due process under the Fourth and Fifth Amendments of the United States Constitution and states there was an unconstitutional foreclosure and eviction. (D.I. 2 at 4, 8, 9)

## II.   LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1443 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed and require remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In

determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## III. DISCUSSION

In the notice of removal, Defendant states there is a "federal question, constitution, treaty, religious liberty, due process, substantive rights, Supreme Court rulings." (D.I. 2 at 1) A district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant asserts violations of his right to due process, and unconstitutional foreclosure and eviction.

This matter was commenced in the Superior Court as a scire facias sur mortgage complaint under Delaware law. (D.I. 4 at Ex. D) In commencing an action, a plaintiff decides whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When analyzing federal subject matter jurisdiction, courts have traditionally looked to the "well-pleaded complaint" rule. *Id.* Under the well-pleaded complaint rule, a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995)); *see also Homes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). "'[A] case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Caterpillar*, 482 U.S. at 392). "Nor can [the d]efendant[] create federal jurisdiction by asserting federal defenses and/or counterclaims to [the p]laintiff's state law foreclosure complaint."

3

*Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) (ordering remand because mortgage foreclosure is state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).

In the instant case, Plaintiff filed a mortgage foreclosure action, a state law case that does not arise under federal law. Defendant's position is that he was denied due process and there was an unconstitutional foreclosure and eviction. However, as stated under the well-pleaded complaint rule, defenses and counterclaims do not create federal court jurisdiction.

Further, to the extent the Superior Court case remains pending in the Superior Court, under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[1] See *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims.

---

[1] The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

*Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[2] *Huffman*, 420 U.S. at 608.

The *Younger* elements have been met and none of its exceptions apply. First, there are on-going state proceedings. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See, e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine). And third, Defendant has an adequate opportunity to raise any potential claims in state court. Accordingly, pursuant to *Younger* and its progeny, the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings). Based upon the foregoing, under the *Younger* abstention doctrine, the Court must abstain from exercising jurisdiction.

Finally, to the extent that Defendant challenges the judgment or decisions of the Superior Court, this Court lacks jurisdiction under the *Rooker-Feldman* Doctrine which

---

[2]Exceptions to the *Younger* abstention doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, to the extent that Defendant asks this Court to invalidate orders of the Superior Court, it lacks jurisdiction to do so.

## IV. CONCLUSION

For the above reasons, the Court will summarily remand the matter to the Superior Court of the State of Delaware in and for New Castle for want of jurisdiction.

An appropriate Order will be entered.