IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY TUCKER, a/k/a Gregory L. Tucker, a/k/a Greg L. Tucker, and KAREN TUCKER, a/k/a Karen K. Tucker,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: **Civil Action No. 18-1245-CFC**<br>: Superior Court of the State of Delaware<br>: in and for New Castle County<br>: C.A. No. N16L-03-181 EMD<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**I.    INTRODUCTION**

Defendant Gregory Tucker filed a notice of removal on August 14, 2018, of *LSF9 Master Participation Trust v. Tucker*, Delaware State Court Case No. N16L-03-181 EMD (Del. Super.). (D.I. 2) Defendant appears *pro se* and has been granted leave to proceed *in forma pauperis*. On November 29, 2018, the Court summarily remanded the matter to the Superior Court of the State of Delaware in and for New County. (D.I. 18, 19) Defendant moves for reconsideration and also moves to amend his notice of removal. (D.I. 22, D.I. 24)

**II.    RECONSIDERATION**

Defendant removed this foreclosure action from the Superior Court of the State of Delaware in and for New Castle County. The facts of the case are set forth in the Court's November 29, 2018 memorandum opinion and order that remanded this matter

1

for lack of federal court jurisdiction, under the *Younger* abstention doctrine because there were ongoing state proceedings and, to the extent Defendant sought to invalidate orders of the Superior Court, under the *Rooker-Feldman doctrine*. (D.I. 18, 19). Defendant moves for reconsideration and appears to argue that this Court has jurisdiction by reason of diversity under 28 U.S.C. § 1332 because Defendant is a member of the Moorish National Republic. The filing also seems to attempt to raise claims based upon the federal criminal code. It also refers to various federal civil statutes.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the

adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Defendant seems to rest his argument for reconsideration on diversity of citizenship. As noted by other courts, an individual's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new. *See, e.g., Ingram El v. Crail*, 2019 WL 3860192, at *3 (E.D. Calif. Aug. 16, 2019); *Bey v. Municipal Court*, 2012 WL 714575 (D.N.J. Mar. 5, 2012 ("Any claims or arguments raised by plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."). In addition, even if the parties are diverse, Defendant cannot escape the fact the Court must abstain under the *Younger* abstention doctrine or that it may not set aside orders entered in State court under the *Rooker-Feldman* doctrine.

In addition, to the extent Defendant attempts to raise new claims, he may not do so. His remedy, if any, is to file a separate and independent action. The Court further notes that to the extent Defendant seeks to impose criminal liability pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts,* 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring,

generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Upon review of the filings in the case, the Court concludes that Defendant has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's remand of this matter. Therefore, his motion for reconsideration will be denied. (D.I. 22) Finally, Defendant's recent "writ for good consideration" construed as a motion for leave to amend the notice of removal will be denied. (D.I. 24) Defendant cannot obtain the relief he seeks in this Court.

## III. CONCLUSION

For the above reasons, the Court will: (1) deny the motion for reconsideration 22); and (2) deny the motion for leave to amend the notice of removal (D.I. 24).

An appropriate order will be entered.

*(signature)*
UNITED STATES DISTRICT JUDGE

October 30, 2019
Wilmington, Delaware

4